UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

PETER DRURY,            )
                        )
    Plaintiff,          )
                        )
    v.                  )    1:16-cv-00530-LEW
                        )
DAVID B. BERNHARDT, et al.,  )
                        )
    Defendants          )

**ORDER ON DISCOVERY ISSUE**

In this action, Plaintiff contends Defendants, consisting of the Maine Department of Transportation (MDOT), MDOT Commissioner David Bernhardt, Director of MDOT Bureau Maintenance and Operations Dale Doughty, Director of Multimodal Operations in the MDOT Bureau of Maintenance Richard Dubois, and Manager of the Maine State Ferry Service in the MDOT Bureau of Maintenance and Operations John Anders, retaliated against Plaintiff when he exercised his constitutionally-protected right to free speech.

As part of their response to Plaintiff's request for documents, Defendants produced four email communications they subsequently claimed were protected by the work product privilege and thus were inadvertently disclosed. Following a telephonic conference on the issue, in accordance with the Court's order (ECF No. 57), the parties filed written argument (Plaintiff's Memorandum, ECF No. 59; Defendants' Memorandum, ECF No. 60) and a stipulation as to the facts regarding Defendants' production of documents. (Joint Stipulated

Facts, ECF No. 58.) The disputed email communications are also part of the record.[1] (ECF No. 53.)

## Discussion

The first issue is whether the documents are within the work product privilege.[2] The documents are part of one email thread regarding two pending work-related grievances asserted by Plaintiff regarding disciplinary action taken against Plaintiff. The parties to the communications include Defendant Dubois, Defendant Anders, and members of MDOT's human resources department. The subject of the communications is whether MDOT should attempt to resolve Plaintiff's grievances.

The attorney work-product privilege protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3). The work product doctrine does not extend to "[m]aterials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for nonlitigation purposes," even if the materials were prepared by a lawyer and reflect "legal thinking." *United States v. Textron Inc.*, 577 F.3d 21, 30 (1st Cir. 2009) (quoting Fed. R. Civ. P. 26 advisory comm.'s note (1970)). The issue is "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because

---

[1] Because Defendants claim the documents are protected by the work product privilege, the documents are sealed.

[2] "The party asserting the attorney-client or work product privilege bears the burden of showing that the privilege applies. If the privilege is established, the burden of proving any exception falls to its proponent." *Vicor Corp. v. Vigilant Ins. Co.*, 674 F.3d 1, 17 (1st Cir. 2012) (citation and footnote omitted).

2

of the prospect of litigation." 8 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2024 (3d ed.). Documents prepared in anticipation of an adversarial grievance proceeding can be within the protection of the work product privilege. *Jumper v. Yellow Corp.*, 176 F.R.D. 282, 286 – 87 (N.D. Ill. 1997).

Whether the work product privilege applies depends on the circumstances of the particular case. *Wilder v. World of Boxing LLC*, 324 F.R.D. 57, 62 (S.D.N.Y. 2018). Importantly, a document need not be the work product of an attorney for the privilege to apply. A document can be work product if it was prepared by a party or its representative, and the rule thus affords protection to materials gathered by non-attorneys even where there was no involvement by an attorney." *Id.* at 63 (quoting *Wultz v. Bank of China Ltd.*, 304 F.R.D. 384, 394 (S.D.N.Y. 2015) (citing cases)). Here, the internal communication at MDOT of whether to settle Plaintiff's grievances is most logically understood as a communication made by a party "in anticipation of litigation." Fed. R. Civ. P. 26(b)(3)(A); *Fine v. Sovereign Bank*, No. 1:06-cv-11450, 2008 WL 11388663, at *8 (D. Mass. Mar. 7, 2008) (collecting cases). To conclude otherwise would discourage parties' candid and objective internal communications regarding their litigation prospects. Such a result would be inconsistent with the principles underlying the work product privilege recognized by the United States Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 510 – 11 (1947) (without the privilege, "much of what is now put down in writing would remain unwritten"); *Fleet Nat. Bank v. Tonneson & Co.*, 150 F.R.D. 10, 14 (D. Mass. July 21, 1993) (without privilege, counsel "will be far more circumspect in what they put down" in writing).

Plaintiff contends that if the email communications are deemed to be within the work product privilege, the documents are nevertheless discoverable because he has a "substantial need for the materials to prepare [his] case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Plaintiff maintains the communication by Defendant Dubois is of great significance.

Plaintiff's argument is unpersuasive. First, the significance of the communication is not as apparent as Plaintiff suggests. Furthermore, Plaintiff is only entitled to the document with Defendant Dubois's statement if the statement is "otherwise discoverable." Fed. R. Civ. P. 26(b)(3)(A)(i). If Defendant Dubois's statement is otherwise discoverable, Defendant Dubois is presumably available for a deposition. "[T]here is in general no justification for discovery of the statement of a person contained in work product materials when the person is available to be deposed." *Gay v. P. K. Lindsay Co., Inc.*, 666 F.2d 710, 713 (1st Cir. 1981)). Plaintiff, therefore, has not demonstrated that the documents must be produced under Federal Rule of Civil Procedure 26(b)(3)(A).

Finally, Plaintiff argues the documents were not inadvertently disclosed as Defendants maintain. Federal Rule of Evidence 502 provides that the disclosure of privileged information does not constitute a waiver of the privilege if "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error." Fed. R. Evid. 502(b).

Plaintiff contends the disclosure was not inadvertent because the document was produced after Defendant had more than sufficient time to review the documents before

4

they were produced, and had multiple opportunities to determine whether the document was privileged. Plaintiff argues that a document cannot be deemed inadvertently disclosed if it was produced after counsel reviewed the document.

Plaintiff's interpretation of the rule is too narrow. The inadvertent disclosure rule recognizes that in the production of information in discovery, which at times is voluminous, parties on occasion mistakenly produce privileged material. Consistent with the objective to litigate cases based on the exchange of discoverable information, the rule is designed to prevent prejudice to a party who engages in discovery in good faith, but unintentionally discloses privileged information. A party can inadvertently disclose a privileged document even after the party reviews the document.

Here, Defendant's counsel represented (1) that in part due to the volume of documents counsel had to review in connection with the production, the email communications were inadvertently produced in discovery, and (2) that within days of counsel learning of the disclosure, counsel notified Plaintiff's counsel of the inadvertent disclosure, and designated the email communications as privileged in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Based on counsel's representations and after a review of the record, the Court is satisfied that the disclosure was inadvertent.

**Conclusion**

Based on the foregoing analysis, the Court concludes that the four email communications are within the work product privilege, that Plaintiff has not demonstrated he is entitled to the production of the documents in accordance with Federal Rule of Civil Procedure 26(b)(3)(A), and that Defendant inadvertently disclosed the documents.

5

Defendant, therefore, has not waived and may assert the work product privilege as to the documents.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of December, 2018.